UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GILA JEAN BURTON-CURL,<br><br>             Plaintiff,<br>    v.<br><br>SEATTLE COLLEGE DISTRICT SOUTH CAMPUS,<br><br>             Defendant. | CASE NO. 2:22-cv-01781-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte*. Pro se Plaintiff Gila Jean Burton-Curl has filed two complaints. Both involve common questions of law and fact, so the Court orders Ms. Burton-Curl to show cause why this case should not be consolidated with her earlier-filed case. If the cases are consolidated, Ms. Burton-Curl would be directed to file an amended consolidated complaint including all of her claims against Defendant in her earlier-filed case, the parties would be directed to file documents only in that case, and this case (the later-filed case) would be closed.

ORDER TO SHOW CAUSE - 1

## I. BACKGROUND

Ms. Burton-Curl has filed two complaints in this district arising out of her employment with Defendant. On December 14, 2022, she filed a complaint against "Seattle College District South Campus" and an application to proceed in forma pauperis, which was granted. *Burton-Curl v. Seattle Coll. Dist.–S. Campus*, No. 2:22-cv-01772-LK, Dkt. Nos. 1, 6–7 (W.D. Wash.). She alleges that "Seattle College District–South Campus" violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-209, by failing to pay her wages due in September 2022. *Id.*, Dkt. No. 7 at 3–4. She also states that she was "under [an] ADA accommodation agreement by HR[.]" *Id.* at 3. The complaint seeks $20 million in damages. *Id.* at 5.

On the same day, she filed this case against the same defendant. *See* Dkt. Nos. 1, 1-1 at 2. In the complaint in this case, she alleges that "Seattle College Distric[t]–South Campus" violated her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2000e-17, and the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112-12117. Dkt. No. 8 at 3. She alleges that Defendant disregarded her "ADA accommodation letter," "failed to provide[] accommodation for returning to work on Oct. 5, 2022," and denied her pay for September 2022. *Id.* at 5. This complaint also seeks $20 million in damages. *Id.* at 6.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 42(a), "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." "A district court generally has 'broad' discretion to consolidate actions[.]" *See Pierce v. Cnty. of Orange*, 526 F.3d 1190, 1203 (9th Cir. 2008) (quoting *Investor's Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989)). In determining whether consolidation is warranted, courts evaluate the existence of common questions of law or fact and

weigh the interests of judicial economy against any delay or prejudice that might result. *See Butler v. Raugh*, No. C19-964-RSM, No. C19-965-RSM, 2019 WL 3716447, at *2 (W.D. Wash. Aug. 7, 2019) (granting consolidation where there were "common questions of law and fact as each of the lawsuits involve the same operative facts, the same legal theories, and similar relationships between the parties.").

Both of Ms. Burton-Curl's cases arise out of the same employment relationship between her and Defendant. Although the complaints cite different employment-related statutes, both cases involve common questions of law and fact, including whether Defendant accommodated her disability and paid her wages in September 2022. Principles of judicial economy therefore support consolidation. And both cases are at the same stage in the litigation—Defendant has not yet answered and no trial date has been set—so it does not appear that any delay or prejudice will result from consolidation. *Cf. Davis v. Wash. State Dep't of Corr.*, No. 3:16-CV-05129-BHS-DWC, 2017 WL 368266, at *2 (W.D. Wash. Jan. 24, 2017) (denying motion to consolidate when cases did not involve the same facts or parties and consolidation would cause prejudice where one case involved a pending motion for summary judgment). Consolidation therefore seems appropriate.

Although the Court has authority to consolidate the cases *sua sponte*, *see In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987), the Court will provide an opportunity to address the issue, including whether consolidation will cause delay or prejudice. *See Butler*, 2019 WL 3716447, at *1 (allowing the parties to file briefs regarding proposed consolidation); *Griffin v. White*, No. C18-5133-BHS-JRC, 2018 U.S. Dist. LEXIS 103345, at *1 (W.D. Wash. June 19, 2018) (same).

### III.  CONCLUSION

For the foregoing reasons, Ms. Burton-Curl is ordered to show cause, within 30 days of the date of this order, why these two cases should not be consolidated for all purposes. Defendant has not yet appeared in either case but may also respond if it chooses.

Dated this 3rd day of March, 2023.

*Lauren King*
Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 4